UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
-SOUTHERN DIVISION-

---

**Kyle Valentine**, as Next Friend on behalf of
**Anthony Quatrine,** a minor,

    Plaintiff,

-v-

Case No. 2:11-cv-12455
Honorable Julian Abele Cook, Jr.

**Glenn Bowles**,

    Defendant.

_____/

| | |
|---|---|
| **Fred L. Gibson P39530**<br>The F. L. Gibson Group, P.C.<br>Attorney for Plaintiff<br>17001 19 Mile Road, Ste 1C<br>Clinton Twp MI 48038-4867<br>586.416.2520 / 586.464.1629 [fx]<br>attorneyfgibson@gmail.com | **Peter W. Peacock P37201**<br>Plunkett Cooney, P.C.<br>Attorney for Defendant<br>10 S. Main St., Ste 400<br>Mt Clemens MI 48043-2394<br>586.466.7605 / 586.465.0448 [fx]<br>ppeacock@plunkettcooney.com |

_____/

**PLAINTIFF'S RESPONSE TO AFFIRMATIVE DEFENSES ASSERTED BY**

**DEFENDANT TO PLAINTIFF'S COMPLAINT**

AND

CERTIFICATE OF SERIVCE

1

1.  *The individual Defendants are entitled to dismissal on the basis of qualified immunity and immunity. Reasonable municipal officers and employees could have thought his actions to be lawful in light of established law under the circumstances of this case.*

**Response:**

   As for Defendant's 1st Affirmative Defense, Plaintiff denies same for the reason it is not true.

2.  *Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.*

**Response:**

   As for Defendant's 2nd Affirmative Defense, Plaintiff denies same for the reason it is not true.

3.  *Plaintiff's claims are barred by applicable statute of limitations.*

**Response:**

   As for Defendant's 3rd Affirmative Defense, Plaintiff denies same for the reason it is not true.

4.  *That the proximate cause of any and all injuries suffered by the Plaintiff is as the result of the Plaintiff's own contributory and/or comparative negligence.*

**Response:**

   As for Defendant's 4th Affirmative Defense, Plaintiff denies same for the reason it is not true.

5.  *That the proximate cause of any and all injuries suffered by the Plaintiff are the result of the negligence of persons and/or entities other than the Defendants herein.*

**Response:**

As for Defendant's 5th Affirmative Defense, Plaintiff denies same for the reason it is not true.

6.  *The voluntary misconduct of the Plaintiff was the proximate cause of the injuries sustained, if any.*

**Response:**

As for Defendant's 6th Affirmative Defense, Plaintiff denies same for the reason it is not true.

7.  *That the Plaintiff has failed to mitigate his/her damages*.

**Response:**

As for Defendant's 7th Affirmative Defense, Plaintiff denies same for the reason it is not true.

8.  *The defense of governmental immunity as to municipalities is affirmative asserted.*

**Response:**

As for Defendant's 8th Affirmative Defense, Plaintiff offers no response as this defense is not applicable to the claims asserted.

3

9. *As to the individual Defendant, Plaintiff's claim is barred by the doctrine of individual immunity granted by individual Defendant pursuant to MCLA 69l.l407 (2), MSA 3.996 (l07) (2).*

**Response:**

As for Defendant's 9th Affirmative Defense, Plaintiff denies same for the reason it is not true.

10. *Plaintiff's claim is barred for the reason that the individually named Defendant municipal employees are entitled to qualified immunity based on good faith efforts in carrying out his task.*

**Response:**

As for Defendant's 10th Affirmative Defense, Plaintiff denies same for the reason it is not true.

11. *The Defendant municipal Officer used such force as was reasonably necessary under the circumstances.*

**Response:**

As for Defendant's 11th Affirmative Defense, Plaintiff denies same for the reason it is not true.

12. *The individual municipal employees were not engaged in conduct which would meet the statutory definition of gross negligence.*

**Response:**

As for Defendant's 12th Affirmative Defense, Plaintiff asserts this defense is not applicable to this case as the claim of Gross Negligence has not been asserted and in

all other respects denies same for the reason it is not true.

13.   *That the damages claimed by the Plaintiff are excessive and exaggerated*.

**Response:**

As for Defendant's 13th Affirmative Defense, Plaintiff denies same for the reason it is not true.

14.   *That at all times relevant hereto, this Defendant complied with all duties applicable under Michigan and Federal law, and Defendants deny that it or its employees engage in conduct which caused damage to said plaintiff.*

**Response:**

As for Defendant's 14th Affirmative Defense, Plaintiff denies same for the reason it is not true.

15.   *Plaintiff's claim is barred for the reason that Defendant is entitled to absolute immunity.*

**Response:**

As for Defendant's 15th Affirmative Defense, Plaintiff denies same for the reason it is not true.

16.   *Plaintiff's claim is barred for the reason that Plaintiff has failed to establish personal involvement on the part of each individual Defendant.*

**Response:**

As for Defendant's 16th Affirmative Defense, Plaintiff denies same for the reason it is not true.

17.     *Plaintiff's claim is barred for the reason that Plaintiff has failed to identify an official policy custom or practice which has been adopted by Defendant.*

**Response:**

As for Defendant's 17th Affirmative Defense, Plaintiff offers no response other than to state this defense is not applicable to the claims asserted by the Plaintiff and in all other respects denies same for the reason it is not true.

18.     *Plaintiff's claim is barred for the reason that Plaintiff has failed to allege any deprivation of a specific constitutional right. Parratt v Taylor, 451 US 527 (1981).*

**Response:**

As for Defendant's 18th Affirmative Defense, Plaintiff denies same for the reason it is not true.

19.     *Plaintiff's claim is barred for the reason that Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.*

**Response:**

As for Defendant's 19th Affirmative Defense, Plaintiff denies same for the reason it is not true.

20.     *The Defendant reserves the right to file additional Affirmative Defenses, as the same may become known through the process of discovery and/or investigation.*

**Response:**

As for Defendant's 20th Affirmative Defense, Plaintiff offers no response other than to state Plaintiff would object to the addition of any further affirmative defenses that should have been pled with Defendant's First Responsive Pleading.

**Relief Requested**:

Plaintiff respectfully requests an Order issue finding each of Defendant's Affirmative Defenses to be without merit and that further Orders Defendant reimburse Plaintiff for all attorney fees, costs, and expenses associated with having to defend against such meritless defenses.

Respectfully,

S/ *Fred L. Gibson*
Fred L. Gibson
Attorney for Plaintiff
17001 19 Mile Road, Ste 1C
Clinton Twp MI 48038-4867
586.416.2520
attorneyfgibson@gmail.com
P39530

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record in this matter, at their electronic mail address(es) as identified in the caption.

S/  *Fred L. Gibson*
Fred L. Gibson
17001 19 Mile Road, Ste 1C
Clinton Twp MI 48038-4867
586.416.2520
attorneyfgibson@gmail.com
P39530